UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERI WITHROW, | ) |
| PLAINTIFF, | ) Case No.: 09-cv- |
| v. | ) COMPLAINT |
| KEANE, INC. | ) JURY TRIAL DEMANDED |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, SHERI WITHROW, by and through her attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

### NATURE OF THE ACTION

1) This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.

### PARTIES

2) Plaintiff, SHERI WITHROW (hereafter, "MS. WITHROW"), is an adult female resident of Bloomington, Illinois.

3) Defendant, KEANE, INC. (hereafter, "KEANE") is involved in the business of providing consulting services in the Information Technology (IT) area employing thousands of employees to perform such services for its clients including at all relevant times mentioned in this complaint employing in excess of two hundred fifty people to perform onsite IT services to State Farm Mutual Automobile Insurance Companies (hereafter, "State Farm") at State Farm's facilities located in Bloomington, Illinois (hereafter, "State Farm location").

4) Defendant has a place of business at 808 S. Eldorado Road, Suite 3000, Bloomington, Illinois, in McLean County to support its employees performing work at the State Farm location.

## JURISDICTION AND VENUE

5) Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331(a).

6) The acts complained of herein occurred within this district and venue is proper in this district because Defendant maintains a place of business in this judicial circuit.

7) Plaintiff has resided in McLean County since January 2007.

## PROCEDURAL REQUIREMENTS

8) Plaintiff filed a timely charge with the Illinois Department of Human Rights (No. 2007SF28977) dated May 1, 2007 and cross-filed the Charge with the Equal Employment Opportunity Commission.

9) Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on June 5, 2009. **Exhibit 1**.

## FACTS

10) MS. WITHROW was first hired by defendant KEANE in early October 2005.

11) During the entire time she has been employed by KEANE plaintiff has performed consulting services for defendant at KEANE's State Farm location.

12) MS. WITHROW performs IT services for KEANE by way of serving as the Project Coordinator and/or Business Analyst on numerous projects for State Farm at any given time.

13) MS. WITHROW has been recognized by KEANE as well as individual managers and employees of State Farm as providing exceptional services in the course of her job prior to and following her return from a leave of absence in November/December 2007 occasioned by reason of a disability.

14) It was well known to KEANE and to the management of State Farm that MS. WITHROW began to experience severe muscle weakness in her upper and lower extremities beginning as early as January 2007 and continuing through all times mentioned in this complaint.

15) At the time MS. WITHROW's strength in her extremities had substantially diminished, she requested the ability to work at home in order to continue to provide services to KEANE while working on numerous projects for her clients and/or contacts at State Farm.

16) MS. WITHROW requested a wheelchair in early January 2007 in order to safely travel the substantial distances due to KEANE's requirement for plaintiff to participate in person at meetings at the State Farm location.

17) MS. WITHROW took a medical leave of absence beginning on or about November 23, 2007 and extending through December 23, 2007 during which time she was a patient at Mayo Clinic and participated in a three-day

fibromyalgia class and a three-week chronic pain management program limited to severely-afflicted fibromyalgia patients and those with chronic pain.

18) Upon her return from Mayo Clinic, MS. WITHROW continued to require a motorized wheelchair to perform the work activities KEANE required her to perform at the State Farm location.

19) The cost paid by KEANE for the motorized wheelchair is approximately $250.00 on monthly basis.

20) It was well known to KEANE and to the management of State Farm that MS. WITHROW required the use of an electric wheelchair in order to travel the substantial distances required by KEANE to personally travel to meetings at the State Farm location.

21) During the calendar year 2008 MS. WITHROW had participated in approximately 56 technical services projects, allocating her to 81 hours per week while performing dual roles.  The number and allocation of work so described is greater than any other KEANE employee at plaintiff's level performing services at the State Farm location.

## Count 1: Violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.

22) Plaintiff repeats all of the above paragraphs as if each had been separately alleged within this paragraph and incorporates said allegations into Count 1.

23) During all relevant times following KEANE's notice of plaintiff's substantial weakness in her extremities:

   a) Plaintiff was disabled as that term is used pursuant to the ADA.

   b) Plaintiff was qualified to perform the essential functions of the identical position that she performed prior to the onset of her disability with a reasonable accommodation.

   c) Plaintiff engaged in regular communication with defendant providing medical documentation and other supporting evidence for her request to perform work at home and/or the need for a motorized wheelchair to personally participate in the meetings required by KEANE at the State Farm location.

   d) It was a reasonable accommodation for KEANE to allow plaintiff to work a substantial majority of time at her own home.

   e) It was a reasonable accommodation for KEANE to provide a motorized wheelchair entirely at its own cost.

   f) It was not an undue hardship for the employer to allow plaintiff to work a substantial majority of time at her own home.

    g) It was not an undue hardship for the employer to provide a motorized wheelchair entirely at its own cost.

24) KEANE has violated the ADA on account of and/or by reason of plaintiff's disability, fibromyalgia and/or upon defendant's perception of plaintiff's status as a disabled person by one or more of its actions constituting a refusal to reasonably accommodate a disabled employee, disability discrimination in employment, and the creation of a hostile work environment by reason of plaintiff's disability as follows:

    a) Defendant's requirement in late January/early February 2007 that Plaintiff not return to work without a doctor's note supporting the need for a motorized wheelchair.

    b) Defendant's initial and repeated refusal to pay at entirely its own cost the fee associated with a motorized wheelchair as required for plaintiff to perform her job <u>after</u> plaintiff's production of a doctor's note supporting the need for a motorized wheelchair.

    c) Defendant's threat to discipline plaintiff for communicating with corporate human resources when her request for a wheelchair was not granted by her direct supervisor.

    d) Defendant's early and repeated refusal to allow plaintiff to work at home a substantial proportion of each week as a reasonable accommodation despite the fact that defendant authorized and/or allowed other non-disabled employees performing services at its State Farm location to work at home.

e) In March 2009 Defendant repeated its earlier refusal to provide plaintiff a motorized wheelchair to perform her job entirely at its own expense requiring that plaintiff submit such expense to her health insurance company.

f) Defendant's action to provide plaintiff lower-than-deserved performance evaluations resulting in some part in wage increases for plaintiff that were substantially less as compared to other non-disabled workers in plaintiff's position at the State Farm location and/or other non-disabled workers performing comparable work as plaintiff at the State Farm location.

g) Defendant failed to promptly communicate to plaintiff that she had a right to take time off from work without discipline as a result of eligibility under the Family and Medical Leave Act.

h) Defendant failed to promptly communicate to plaintiff that she was eligible under the terms of the defendant-employer's short-term disability insurance to take time off from work for a covered occurrence and receive partial pay during a covered absence.

i) Defendant threatened to discipline plaintiff for taking too much time off when her time off from work was, in significant part, a demand by the employer and/or unlawfully extended following KEANE's refusal to provide reasonable accommodations related to plaintiff's disability.

j) Defendant threatening to discipline plaintiff upon her return to work in late December 2007 when she had communicated to her contacts/clients at State Farm that she had returned to work on a full-time basis.

k) Following defendant's awareness of plaintiff's muscular weakness and inability to drive substantial distances and her requirement of a wheelchair to move around in an office environment, Defendant scheduled a training class called Communicating with Tact and Finesse scheduled for August 15-16, 2007, in Indianapolis Indiana, that would have required plaintiff to spend in excess of fourteen hours for round-trip travel by bus and stay in a hotel that could not provide a wheelchair for plaintiff's use at the time of said training.

l) Defendant's action to initially remove plaintiff from training pertaining to her job of which she was previously assigned and that was available to other individuals without a physical disability.

m) Defendant's threats from her direct supervisor to remove her from one or more projects that plaintiff was assigned during the time she continued to perform exemplary services to State Farm clients.

## JURY DEMAND

25) The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to the ADA.

**WHEREFORE**, MS. WITHROW prays this Court grant the following relief:

a) Award compensatory damages to plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of the ADA.

b) Award compensatory damages to plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of the ADA.

c) Order defendant to continue to pay for those reasonable accommodations required by plaintiff to perform the essential functions of her job at defendant's own expense without demands for reimbursement, insurance submission or payment by plaintiff of any kind.

d) Award plaintiff pre-judgment interest for the defined sum of wages and benefits lost.

e) Award plaintiff her attorneys' fees, expert witness fees, her costs and disbursements in this action.

f) Award plaintiff such additional relief as justice may require.

Dated this 2nd day of July, 2009,

s/ Richard M. Manzella
Richard M. Manzella

Attorney # 6257568
Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800